```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MERCK & CO., INC., | CIVIL ACTION NO. 06-5789 (MLC) |
|     Plaintiff, | **ORDER TO CONSOLIDATE** |
| v. |  |
| APOTEX, INC., et al., |  |
|     Defendants. |  |

**THE COURT** ordering the plaintiff to show cause why the above-captioned action should not be consolidated with Civil Action No. 06-5791 (MLC), as it appears that these actions involve common questions of law and fact (dkt. entry no. 3); and the plaintiff bringing this action for a judgment declaring that the defendants have infringed the plaintiff's Patent No. 4,797,413 ("'413 patent") by filing an abbreviated new drug application ("ANDA"):

> including a certification with respect to the '413 patent under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) seeking approval to sell "Dorzolamide Hydrochloride Ophthalmic Solution, 2%" prior to the expiration of that patent

(Compl., at ¶ 15); and the same plaintiff bringing a separate action against the same defendants for a judgment declaring that the defendants have infringed the same patent by filing an ANDA:

> including a certification with respect to the '413 patent under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355) seeking approval to sell "Dorzolamide Hydrochloride/Timolol Maleate Ophthalmic Solution, 2%/0.5%" prior to the expiration of that patent

(Civil Action No. 06-5791 (MLC), dkt. entry no. 1, Compl., at ¶ 15); and

**IT APPEARING** that Federal Rule of Civil Procedure 42(a) authorizes district courts to consolidate actions involving a common question of law or fact; and it appearing that a "district court has broad discretion when determining whether consolidation is appropriate," <u>Bor. of Olyphant v. PPL Corp.</u>, 153 Fed.Appx. 80, 82 (3d Cir. 2005); and it appearing further that the parties will not be prejudiced by the consolidation of these actions, as consolidation is a matter of convenience and economy in administration, and does not merge the actions into a single claim or change the parties' rights, <u>see</u> <u>Bradgate Assocs. v. Fellows, Read & Assocs.</u>, 999 F.2d 745, 750 (3d Cir. 1993); and

**THE PLAINTIFF**, in response to the Court's inquiry, stating that it "consents to consolidation of Civil Action Nos. 06-5789 and 06-5791" (12-15-06 Pl. Resp., at 1); and the plaintiff being the master of the claim; and the Court thus intending to (1) resolve the order to show cause before the return date, (2) grant the order to show cause, and (3) consolidate this action with Civil Action No. 06-5791 (MLC); and for good cause appearing;

**IT IS THEREFORE** on this     18th     day of December, 2006 **ORDERED** that the Court's order to show cause why the above-captioned action should not be consolidated with Civil Action No. 06-5791 (MLC) (dk. entry no. 3) is **GRANTED;** and

**IT IS FURTHER ORDERED** that the above-captioned action is **CONSOLIDATED** with <u>Merck & Co. v. Apotex, Inc.</u>, Civil Action No. 06-5791 (MLC).

                                                 s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge